Kevin J. Lennon
Admitted in CT & NY

Patrick F. Lennon
Admitted in CT & NY

Tracy Wheeler Lennon
Admitted in CT

Anne C. LeVasseur
Admitted in CT & NY

Charles E. Murphy
Admitted in CT, NY & MA

Neil P. Phillips
Admitted in CT, NY & DC

Nancy R. Siegel
Admitted in CT & NY



**Lennon Murphy Caulfield & Phillips** LLC
ATTORNEYS AT LAW

June 25, 2010

2425 Post Road, Suite 302
Southport, CT 06890
(203) 256-8600 - Phone
(203) 255-5700 - Phone
(203) 256-8615 - Fax
(203) 257-5702 - Fax

The GrayBar Building
420 Lexington Ave., Suite 300
New York, NY 10170
(212) 490-6050 - Phone
(212) 490-6070 - Fax
www.lmcplegal.com

*Via Facsimile (212) 805-7930*
Hon. James C. Francis
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

**MEMO ENDORSED**

Re:   **George Overton v. Cashman Dredging and Marine Contracting Co. LLC**
      Docket Number: 09 Civ. 2975 (JCF)
      Our File Number: 1936-09

Dear Judge Francis:

We are attorneys for Defendant, Cashman Dredging and Marine Contracting Co. LLC (hereinafter "Cashman"), in this seaman's personal injury suit brought by Plaintiff, Mr. George Overton (hereinafter "Mr. Overton"). The purpose of this letter is to advise the Court that the parties have agreed that: (1) mediation would be helpful and (2) additional discovery is needed after the June 30, 2010 discovery deadline.

By way of background, in August of 2006 Mr. Overton worked for Cashman as a cook on board the TUG GARY. He contends that he was thrown in the galley and that the tug struck a barge. After he finished his two-week employment, he then worked for a company named Great Lakes in the same capacity. When he finished at Great Lakes, he then started a second term of employment for Cashman beginning in late May 2007. He contends that on June 3, 2007 he was forced ashore due to pain in his right hip. Once ashore, the treating physicians observed that Mr. Overton had severe osteoarthritis.

One of Cashman's contentions is that Mr. Overton's osteoarthritis was a pre-existing condition that predated his employment for Cashman. Specifically, Cashman contends that Mr. Overton concealed his arthritis during a pre-employment physical exam in May of 2007 during which he was asked about his prior medical history.

Regarding the status of discovery, the parties have been actively participating and have deposed four witnesses (two party witnesses and two non-party witnesses) in New York, Philadelphia and Boston. The parties have exchanged Rule 26(a) disclosures and supplemental

disclosures. Cashman has responded to Mr. Overton's two sets of Request for Admissions, Request for Production of Documents, and Interrogatories.

Mr. Overton has not, however, responded to either of Cashman's first or second set of discovery demands. He likewise has not signed medical release forms which would allow Cashman to review his medical records that pre-date his first employment for Cashman in 2006. We know that such documents exist due to a spreadsheet provided by the State of New York Department of Health. Medicaid does not have any medical records, just a record of the services provided and amounts paid. The billing/service codes indicate that Mr. Overton was first diagnosed with joint pain in November of 1999 and first diagnosed with Osteoarthritis in January of 2000. It appears that there were at least six diagnoses that related specifically to joint pain or osteoarthritis from 1999 to 2003, i.e., before his alleged fall in 2006. These medical records are needed before any of Mr. Overton's treating physicians can be deposed.

Cashman would prefer that the discovery period be enlarged to allow Mr. Overton extra time to comply rather than burdening the Court with a motion to compel. In the event that the Court declines to extend the discovery period, Cashman intends to file such a motion.

Also related to discovery, yesterday Cashman became aware of two previously unknown fact witnesses, named Peter Gibson and Cecil Constanza, who have information concerning the circumstances surrounding Mr. Overton's departure from the Lonestar pipe laying barge on or about June 3, 2007. Messrs. Gibson and Constanza worked with Mr. Overton in June of 2007 and have a specific recollection of the day when Mr. Overton left the barge. They are currently working on vessels in upstate New York and Louisiana respectively and should be deposed as it is expected that they will testify that the reason for Mr. Overton's sudden departure did not involve hip pain but rather involved two knife incidents in the galley the day before.

The parties have agreed to mediate and to seek leave from your Honor for permission to write to Judge Haight, now sitting in New Haven, Connecticut, for his specialized expertise in admiralty and maritime matters. He is geographically located between the parties who are in New York City and Boston. We have reached out by phone to his clerk who relayed a message that the Judge might be interested in acting as mediator, as he often does in admiralty cases, and suggested that the parties submit a joint letter to his chambers. We were advised that if Judge Haight agrees, he would likely mediate the case in September.

The parties jointly request an extension until the end of September to complete discovery and mediation. The parties further request a corresponding extension of the dispositive motion/pretrial order deadline until the end of October. This is the second request for extension, the first having been granted (as modified) by the Court on March 8, 2010.

We thank the Court for its indulgence.

Respectfully submitted,

Charles E. Murphy

*[Handwritten annotation: Application granted. No further extensions. SO ORDERED. James C. Francis IV, USMJ  6/28/10]*

cc: *Via facsimile: (248) 258-6047*
Dennis M. O'Bryan, Esq.
O'BRYAN BAUN COHEN KUEBLER
401 S. Old Woodward, Ste. 450
Birmingham, MI 48009